■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SHELBY BALLOTT, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered April 21, 1965, convicting him of robbery in the second degree, grand larceny in the first degree, petit larceny, and two counts of assault in the second degree, upon a jury verdict, and imposing sentence upon him as a third felony offender. Judgment affirmed. At the trial, Doyle, an accomplice, testified for the People and fully implicated the defendant in the robbery. The complainant identified defendant as the man who had held her up and testified that she had recognized him immediately at the police station. A police officer called by the defendant testified, however, that the complainant had not identified defendant immediately at the police station, but only after a hat and coat had been put on defendant and he had spoken the words used at the time of the holdup. In our opinion, the complainant's identification of defendant, considered in the light of the other evidence, was sufficient to constitute "such other evidence as tends to connect the defendant with the commission of the crime" (Code Crim. Pro., § 399; cf. *People* v. *Weiss*, 7 N Y 2d 139, 141). Ughetta, Acting P. J., Christ, and Rabin, JJ., concur; Hill and Benjamin, JJ., dissent and vote to reverse the judgment and grant a new trial, with the following memorandum: The only evidence introduced at trial which tended to connect the defendant with the crimes charged beyond the testimony of an accomplice was the identification of the defendant by one of the complainants. At trial this complainant was positive of her identification and she stated that she had instantly identified the defendant at the station house. The testimony of a police officer called by the defendant revealed that the complainant had been in doubt about the identification, which had taken place more than a year after the commission of the crime. Before making the identification through a one way mirror, the complainant had requested the defendant to put on an overcoat and then a hat. She then asked to hear the defendant's voice. Since the complainant was still uncertain, the defendant was thereupon compelled to say the words allegedly used by him at the time of the crime. Only at that point, and after what was obviously a considerable lapse of time, was the complainant able to identify him. The positiveness of the identification at the trial coupled with the complainant's denial of any initial doubt is indicative not of a person

scrupulously clinging to an original doubt, but of one ready to disregard such doubt in favor of sureness rather than of accuracy. In such a case, the identification is not sufficient to justify the conviction. (*People* v. *Cassidy,* 160 App. Div. 651, 660). This is assuredly too weak an identification upon which to base a conviction.